Mr. Justice Clayton
delivered the opinion of the court.
Muldrow sued Davis in an action of assumpsit. A rule was made upon the plaintiff to give security for the costs, and Over-strut became the surety.
Upon the trial a verdict was rendered for the defendant. The court thereupon gave judgment for the costs as well against the *656 plaintiff as against Overstrut his surety. The judgment is as follows: “And it appearing to the satisfaction of the court, that John Overstrut has been duly entered as security for the costs for the plaintiff, it is ordered that the defendant recover of the plaintiff as well as the said Overstrut, surety as aforesaid, the costs,” &c.
This judgment was not authorized by the law. The statute directs, “ If the fees be not paid, at the time the same may become due, it shall and may be lawful for the court in which the suit was commenced, to enter up judgment on motion against such security.” Hutch. 843.
In this case there was no notice to the surety, and no motion, but a joint judgment rendered against both plaintiff and surety upon the finding of the jury. The judgment in that instance should have been against the plaintiff alone, and then, upon motion, against the surety alone. The judgment against the plaintiff is for his failure in his action; against the surety, for non-compliance with his obligation.
For this error the judgment must be reversed and cause remanded. But there is no ground to disturb the verdict. There is no bill of exceptions, and nothing to show that the verdict was founded either upon improper or insufficient evidence.
Judgment reversed, and cause remanded.